ADAMS, Justice
(dissenting).
The majority opinion disposes of the matter by refusing to exercise the jurisdiction of this court, and therefore does not reach the merits of the controversy. To this, I cannot agree.
The petitioners filed a petition for an alternative writ of mandamus, naming Tom Adams as Secretary of State of the State of Florida, and others, as respondents. The Secretary appeared in the case and promptly filed his motion to dismiss the petition for alternative writ, later appearing by counsel and making oral argument in support of his motions.
Section 15.13, Florida Statutes, F.S.A., provides:
“The secretary of state shall have general supervision and administration of the election laws, corporation laws and such other laws as are placed under his office by the legislature and shall keep records of same.”
The Secretary of State not only appeared and is participating in the litigation here, but according to the record had been previously participating in the controversy in his capacity as administrator of the election laws under Section 15.13, Florida Statutes, F.S.A.
Section 4(2), Article V, Constitution of Florida, among other things, provides:
“JURISDICTION. * * *
“The supreme court may issue writs of mandamus and quo warranto when a state officer, board, commission, or other agency authorized to represent the public generally, or a member of any such board, commission, or other agency, is named as respondent, * * * ” (Emphasis added.)
Further, the members of the County Canvassing Board were also made respondents. Section 4(2), Article V, supra, also gives this court jurisdiction to issue writs of mandamus against an “agency authorized to represent the public generally.” It appears academic to me that the County Canvassing Board is an agency authorized to represent the public and, therefore, that that additional reason would have jurisdiction.
Section 4, Declaration of Rights, of the Florida Constitution provides:
“All courts in this state shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay.” (Emphasis added.)
It is therefore my inescapable conclusion that the Secretary of State is a state officer, and was and is indeed a proper party, and perhaps a necessary party, in the litigation; further, that he was made a party and has been actively participating. This being true, under Section 4(2), Article V, Constitution of Florida, the jurisdiction is automatic.
Prior to July 1, 1957, there could be no possible question as to the jurisdiction of this court to entertain such a matter. If the 1956 amendment — and I think it did not — rendered this court sterile in the handling of a situation of this kind, it is time for the Legislature to re-examine Article V (the Judiciary article) of the Florida Constitution.
In my opinion, the court should issue the alternative writ, thereby providing an opportunity to all respondents to plead their *570 defenses, after which this court should dispose of the matter on the merits, under the guarantee of an open court as provided in Section 4, Declaration of Rights. A majority of the court having now refused to accept the jurisdiction, the merits of the controversy remain undisposed of and the dials of the voting machines will soon be re^ turned to “zero” and the evidence of whatever errors lie behind the sealed doors of the machines must become forever lost.
It is difficult to see how respondents could be lawfully harmed by, or why they would object to, a simple re-reading of the dials on the voting machines in order to check them against human error, because, after all, that is all that is sought in this litigation.
I therefore respectfully dissent.
CALDWELL, C. J., and ROBERTS, J., concur.